UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------------X
NOEL CLEMENTE SAN PEDRO, individually and on behalf
of all others similarly situated,

                                                 Plaintiff,

                      -against-

BERGEN RECYCLING INC. AND MARIA
MONTEFERRARIO,
                                       Defendants.
-------------------------------------------------------------------------X

Civil Action No.

COMPLAINT

**COLLECTIVE AND CLASS
ACTION COMPLAINT**

Plaintiff Noel Clemente San Pedro ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, Bergen Recycling Inc. ("BRI") and Maria Monteferrario ("Monteferrario") (collectively, "Defendants"), respectfully alleges as follows:

### I. Nature of Action, Jurisdiction, and Venue

1.      This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq*. ("NJWHL"), and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq*. ("NJWPL").

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3.      This Court has supplemental jurisdiction over the claims arising under New Jersey state law pursuant to 28 U.S.C. § 1367, in that the New Jersey state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5.      Plaintiff is an individual residing in the State of New Jersey.

6.      At all relevant times, Plaintiff was employed by Defendants as defined by 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a1(h), N.J.S.A. 34:11-4.1(b), and N.J.S.A. 34:19-2.

7.      While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8.      Defendant BRI is a domestic limited liability company with its principal place of business located at 18 Hill Pl, Bergenfield, New Jersey 07621.

9.      Defendant Monteferrario is an individual residing, upon information and belief, in the State of New Jersey.

10.      At all relevant times, Monteferrario was, and still is, an officer, director, shareholder and/or person in control of BRI, who exercises significant control over the company's operations and has the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

11.      At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities, and for supervising his performance.

12.      At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

13.    At all relevant times, Defendants were responsible for compensating Plaintiff.

14.    Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

15.    At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA, NJWPL, and NJWHL.

16.    Defendants are covered employers within the meaning of the FLSA, NJWPL, and NJWHL and, at all relevant times, employed Plaintiff.

17.    Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

18.    Defendants operate in interstate commerce.

19.    Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

20.    The First and Third Causes of Action in this Complaint, which arise out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

21.    The FLSA Collective Plaintiffs consist of no less than ninety-one (91) similarly situated current and former employees of Defendants, who work or worked in excess of forty (40) hours per week and are victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime compensation and unlawfully misappropriating their tips.

22.    As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective Plaintiffs by engaging in a

pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime rates for all hours worked in excess of forty (40) per week and unlawfully misappropriating their tips.

23.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

24.    Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Plaintiffs.

25.    The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

**IV. Rule 23 Class Action Allegations**

26.    The Second, Fourth, and Fifth Causes of Action in this Complaint, which arise under the NJWHL and NJWPL, are brought by Plaintiff as a class action, pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself and all other similarly situated persons who were employed by Defendants in the State of New Jersey since the date three (3) years prior to the filing of this Complaint (the "Rule 23 Class").

27.    The basic job duties of the Rule 23 Class were the same or substantially similar to those of Plaintiff, and the Rule 23 Class was paid in the same manner and under the same common policies, plans and practices as Plaintiff.

28.     The Rule 23 Class, like Plaintiff, has been subject to the same unlawful policies, plans and practices of Defendants, including failing to pay overtime wages and unlawfully misappropriating tips.

29.     Defendants were fully aware of the duties performed by Plaintiff and the Rule 23 Class, and that those duties were not exempt from the overtime requirements and other applicable provisions of the NJWHL and NJWPL.

30.     Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damages to Plaintiff and the Rule 23 Class.

31.     As a result of Defendants' conduct, Defendants are liable to Plaintiff and the Rule 23 Class for the full amount of their overtime wages owed and misappropriated tips, plus an additional amount as liquidated damages, interest, attorneys' fees, and costs.

32.     Certification of the Rule 23 Class's claims as a class action is the most efficient and economical means of resolving the common questions of law and fact central to Plaintiff's claims and the claims of the Rule 23 Class.

33.     Without class certification, the same evidence and issues would be open to re-litigation in duplicative individual lawsuits with the attendant risk of inconsistent judgments and conflicting obligations for Defendants.

34.     Plaintiff's claims raise questions of law and fact common to the Rule 23 Class, including:

    a.  Whether Defendants employed Plaintiff and the Rule 23 Class within the meaning of the NJWHL and NJWPL;

    b.  Whether Defendants failed to pay Plaintiff and the Rule 23 Class overtime compensation for all hours worked in excess of forty (40) hours per workweek;

5

    c.  Whether Defendants knew or should have known that Plaintiff and the Rule 23 Class were not paid all overtime wages owed to them;

    d.  Whether Defendants unlawfully misappropriated the tips of Plaintiff and the Rule 23 Class;

    e.  Whether Defendants' violations of the NJWHL and NJWPL, and/or its regulations were willful.

35.    These common questions of law and fact arise from the same circumstances and events, and each class member will make similar legal and factual arguments to prove liability.

36.    Plaintiff is a member of the Rule 23 Class that he seeks to represent, and his claims are typical of the Rule 23 Class.

37.    The relief Plaintiff seeks is also typical of the relief sought on behalf of the Rule 23 Class.

38.    Plaintiff's interests are co-extensive with those of the Rule 23 Class that he seeks to represent, and he is willing and able to represent those interests fairly.

39.    Plaintiff has retained experienced counsel who are qualified to prosecute this action, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.

40.    The combined interests, experience, and resources of Plaintiff and his counsel to litigate the Rule 23 Class claims at issue in this action satisfy the adequacy of representation requirement of FRCP 23.

41.    The common issues of fact and law affecting Plaintiff's and the Rule 23 Class's claims, including the issues identified in this section, predominate over any issues affecting only Plaintiff or other individual claims.

42.     Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs who might otherwise litigate identical claims.

43.     The claims of the Rule 23 Class interrelate such that the interests of the members will be fairly and adequately protected in their absence.

44.     The Rule 23 Class is so numerous that joinder of all members is impracticable. While the exact number of the Rule 23 Class is unknown to Plaintiff at the present time, upon information and belief, there are at minimum ninety-one (91) similarly situated persons who were/are employed by Defendants as non-exempt hourly workers during the applicable statute of limitations period.

45.     Defendants' deceptive conduct prevented Plaintiff and members of the Rule 23 Class from discovering or asserting their claims any earlier than they did. As such, Plaintiff and the Rule 23 Class members are entitled to equitable tolling.

### V. Factual Allegations

46.     Plaintiff was employed by Defendants as a cashier and recycling employee from in or around February 2001 until on or around March 18, 2020.

47.     As a cashier and recycling employee, Plaintiff's principal job duties included, *inter alia*, purchasing recyclable materials from customers; weighing recyclable materials; loading recyclable materials into trailers; operating a forklift; answering phone calls; and answering customer inquiries.

48.     From in or around 2001 until in or around July 2018, Plaintiff regularly worked six (6) days per week, as follows: Mondays through Fridays from approximately 8:00AM until approximately 5:00PM; and Saturdays from approximately 8:00AM until approximately 3:00PM, for a total of approximately fifty-two (52) hours worked per week.

49.     From in or around August 2018 until on or around March 18, 2020, Plaintiff regularly worked six (6) days per week, as follows: Mondays through Fridays from approximately 7:00AM until approximately 5:00PM; and Saturdays from approximately 7:00AM until approximately 12:00PM, for a total of approximately fifty-five (55) hours worked per week.

50.     Throughout his employment with Defendants, Plaintiff was not afforded meal or rest breaks.

51.     Defendants neither tracked the hours Plaintiff worked nor required Plaintiff to record his time.

52.     From in or around February 2014 until on or around March 18, 2020, Defendants paid Plaintiff at an hourly rate of $18.75 per hour for all hours worked per week, including all hours worked in excess of forty (40) per week.

53.     Throughout Plaintiff's employment with Defendants, Defendants maintained a tip container where patrons left gratuities for Defendants' employees, including Plaintiff.

54.     From in or around 2001 until in or around 2014, Defendants evenly distributed the contents of the tip container to its employees, including Plaintiff, on a yearly basis in or around the middle of December of each calendar year of the foregoing period.

55.     From in or around 2001 to in or around 2014, Plaintiff received approximately $900.00 to $950.00 per year in tips.

56.     From in or around 2015 until on or around March 18, 2020, although Defendants continued to maintain a tip container where patrons left gratuities for Defendants' employees, including Plaintiff, Defendants failed to distribute said tips to its employees, including Plaintiff, and retained the tips for themselves.

57.     As a result, from in or around 2015 until on or around March 18, 2020, Defendants unlawfully misappropriated Plaintiff's tips.

58.     While employed with Defendants, Plaintiff, the FLSA Collective Plaintiffs, and the Rule 23 Class were non-exempt employee pursuant to the FLSA, NJWHL, and NJWPL, and were entitled to overtime compensation at a rate of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) per week.

59.     Although Plaintiff, the FLSA Collective Plaintiffs, and the Rule 23 Class regularly worked more than forty (40) hours per week during their employment with Defendants, Defendants failed to compensate Plaintiff, the FLSA Collective Plaintiffs, and the Rule 23 Class with overtime wages at a rate of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) per week.

60.     Defendants knew or should have known that their failure to pay Plaintiff, the FLSA Collective Plaintiffs, and the Rule 23 Class overtime wages and unlawfully retain their tips was a violation of the FLSA, NJWHL, and NJWPL and/or Defendants acted in reckless disregard of the federal and state wage and hour laws.

61.     Defendants' refusal to pay Plaintiff, the FLSA Collective, and the Rule 23 Class all wages owed to them is an intentional and willful violation of federal and state wage and hour laws.

62.     Defendants violated federal and state law by willfully failing to pay Plaintiff, the FLSA Collective Plaintiffs, and the Rule 23 Class overtime wages for all hours worked in excess of forty (40) per week and by unlawfully misappropriating Plaintiff's and the Rule 23 Class' tips.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVUDALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
### (*Overtime Violations under the FLSA*)

63.     Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

64.     Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rate of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

65.     Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

66.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rate of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours in a week.

67.     As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

68.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages equal to one hundred percent (100%) of the total overtime wages due to them.

69.     Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid

overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE RULE 23 CLASS**
*(Overtime Violations under the New Jersey Wage and Hour Law)*

70.     Plaintiff, individually and on behalf of the Rule 23 Class, repeats and realleges all prior allegations set forth above.

71.     Pursuant to the applicable provisions of N.J.S.A. 34:11-56a(4), Plaintiff and the Rule 23 Class was entitled to overtime wages of one and one-half times their regular hourly rate of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

72.     Plaintiff and the Rule 23 Class regularly worked in excess of forty (40) hours per week during their employment with Defendants.

73.     Throughout the relevant period, Defendants knowingly failed to pay Plaintiff and the Rule 23 Class overtime wages of one and one-half times their regular hourly rate of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) per week.

74.     As a result of Defendants' violations of the law and failure to pay Plaintiff and the Rule 23 Class the required overtime wages, Plaintiff and the Rule 23 Class have been damaged and are entitled to recover from Defendants all overtime wages due, along with reasonable attorneys' fees, interest, and costs.

75.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the Rule 23 Class is entitled to liquidated damages in an amount equal to two hundred percent (200%) of their unpaid overtime wages.

76.     Judgment should be entered in favor of Plaintiff and the Rule 23 Class and against Defendants on the Second Cause of Action in the amount of Plaintiff's and the Rule 23 Class' unpaid overtime wages, liquidated damages, attorneys' fees, interest, costs, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVUDALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
### *(Misappropriation of Tips in Violation of the FLSA)*

77.     Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

78.     Pursuant to section 203(m)(2)(B) of the FLSA, an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

79.     According to supporting Department of Labor Regulations, 29 C.F.R. § 531.52, tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA.

80.     Although Defendants maintained a tip container where patrons left gratuities for Defendants' employees, including Plaintiff and the FLSA Collective Plaintiffs, from in or around 2015 until on or around March 18, 2020, Defendants failed to distribute these tips to Plaintiff and the FLSA Collective Plaintiffs and retained the tips for themselves.

81.     From in or around 2015 until on or around March 18, 2020, Defendants unlawfully misappropriated the tips of Plaintiff and the FLSA Collective Plaintiffs.

82.     Defendants' unlawful retention of the tips of Plaintiff and the FLSA Collective Plaintiffs are willful violations of the FLSA and the supporting Department of Labor Regulations.

83.     As Defendants did not have a good faith basis to believe that their retention of Plaintiff's and the FLSA Collective Plaintiffs' earned tips was in compliance with the law,

Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages equal to one hundred percent (100%) of the total withheld gratuities due to them.

84.      Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the Third Cause of Action in the amount of their respective unlawfully withheld gratuities, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE RULE 23 CLASS**
*(Misappropriation of Tips in Violation of New Jersey Wage Payment Law)*

85.      Plaintiff, individually and on behalf of the Rule 23 Class, repeats and realleges all prior allegations.

86.      Pursuant to New Jersey Wage Payment Law, N.J.S.A. 34:11-4.4, an employer may not withhold or divert any portion of an employee's wages except under very limited circumstances.

87.      Pursuant to N.J.S.A.  34:11-56a1(d), gratuities received by an employee for services rendered for an employer are considered wages.

88.      Similarly, under the New Jersey Department of Labor's Regulations, N.J.A.C. 12:56-8.4(b), gratuities are deemed the property of tipped employees.

89.      Although Defendants maintained a tip container where patrons left gratuities for Defendants' employees, including Plaintiff and the Rule 23 Class, from in or around 2015 until on or around March 18, 2020, Defendants failed to distribute these tips to Plaintiff and the Rule 23 Class and retained the tips for themselves.

90.      By failing to distribute employee tips from in or around 2015 until on or around March 18, 2020, Defendants unlawfully misappropriated the tips of Plaintiff and the Rule 23 Class.

91.     Defendants willfully misappropriated, withheld, and diverted the tips of Plaintiff

and the Rule 23 Class in violation of N.J.S.A. 34:11-4.4. and N.J.A.C. 12:56-8.4(b).

92.     As Defendants did not have a good faith basis to believe that their retention of

Plaintiff's and the Rule 23 Class' earned tips was in compliance with the law, Plaintiff and the

Rule 23 Class are entitled to liquidated damages in an amount equal to two hundred percent

(200%) of their withheld gratuities.

93.     Judgment should be entered in favor of Plaintiff and the Rule 23 Class and against

Defendants on the Fourth Cause of Action in the amount of their unlawfully withheld gratuities,

liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as

this Court deems just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE RULE 23 CLASS
*(Failure to Timely Pay Wages in Violation of New Jersey Wage Payment Law)*

94.     Plaintiff, individually and on behalf of the Rule 23 Class, repeats and realleges all

prior allegations.

95.     At all relevant times, Defendants failed to pay Plaintiff and the Rule 23 Class the

full amount of wages due to them, including overtime wages and earned tips, at least twice during

each calendar month, on regular paydays designated in advance, in violation of N.J.S.A. 34:11-

4.2.

96.     Defendants failed to pay Plaintiff and the Rule 23 Class all wages due to them,

including overtime wages and earned tips, not later than the regular payday for the pay period in

which they were terminated, in violation of N.J.S.A. 34:11-4.3.

97.     As a result of Defendants' violations of the law and failure to pay Plaintiff and the

Rule 23 Class all wages due in a timely manner, Plaintiff and the Rule 23 Class have been

damaged and are entitled to recover from Defendants all unpaid wages, along with interest and costs.

98.    As Defendants did not have a good faith basis to believe that their failure to pay overtime wages and earned tips was in compliance with the law, Plaintiff and the Rule 23 Class are entitled to liquidated damages in an amount equal to two hundred percent (200%) of their unpaid wages.

99.    Judgment should be entered in favor of Plaintiff and the Rule 23 Class and against Defendants on the Fifth Cause of Action in the amount of their respective unpaid wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a)  on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

a)  on the Second Cause of Action on behalf of Plaintiff and the Rule 23 Class for all overtime wages due to Plaintiff and the Rule 23 Class, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b)  on the Third Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all unlawfully withheld tips due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Fourth Cause of Action on behalf of Plaintiff and the Rule 23 Class for all unlawfully withheld tips due to Plaintiff and the Rule 23 Class, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fifth Cause of Action on behalf of Plaintiff and the Rule 23 Class for all unpaid wages due to Plaintiff and the Rule 23 Class, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) interest;

f) costs and disbursements; and

g) such other and further relief as is just and proper.

Dated: New York, New York
February 15, 2022

KATZ MELINGER PLLC


By: */s/ Katherine Morales*
Katherine Morales, Esq.
370 Lexington Avenue, Suite 1512
New York, New York 10017
t: (212) 460-0047
f: (212) 428-6811
kymorales@katzmelinger.com
*Attorneys for Plaintiff*

16