## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOEL CLEMENTE SAN PEDRO, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> -against- <br><br> BERGEN RECYLING INC. and MARIA MONTEFERRARIO, <br><br> Defendants. | Civil Action No.2:22-cv-821-KM-CLW <br><br><br> ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT |

**THIS MATTER** comes before the Court on the parties' joint motion for settlement approval (ECF No. 28).

### I.     Background and Procedural History

1.     The parties' proposed settlement resolves all claims in the action entitled *San Pedro v. Bergen Recycling Inc. et al.*, Civil Action No.2:22-cv-821-KM-CLW.

2.     Plaintiff Noel Clemente San Pedro commenced this action on February 15, 2022 by filing a complaint (ECF No. 1), alleging violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq.*, and the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq.*

3.     Defendants answered the complaint on April 14, 2022 (ECF No. 9), and the parties proceeded to engage in discovery.

4.     During a teleconference on May 17, 2023, the parties notified the Court that they had reached a settlement in principle.

5.     The parties agreed to settle this case for a total amount of $22,500.00 as follows:

  a. $14,393.33 to Plaintiff, and

  b. $8,106.67 in attorneys' fees and expenses to Plaintiff's counsel.

6. The parties submitted a settlement agreement and joint motion for settlement approval on July 12, 2023. (ECF No. 28).

## II. Approval of Settlement

7. To approve an FLSA settlement agreement in the Third Circuit, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. A. Nos. 08-1798, 10-2461, 09-6128, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

8. "In determining whether the compromise resolves a bona fide dispute, the Court must be reassured that the settlement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching, and the bona fide dispute must be determined to be one over factual issues not legal issues such as the statute's coverage or applicability." *Id.* (internal quotations and alterations omitted).

9. Here, the settlement resolves a bona fide dispute over the wages Plaintiff received and his entitlement to any additional overtime wages.

10. "In determining whether a compromise is fair and reasonable, courts in this Circuit consider both (1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA." *Davis v. Essex County*, Civ. A. No. 14-1122, 2015 WL 7761062, at *2 (D.N.J. Dec. 1, 2015).

11. Given the number of overtime hours Plaintiff allegedly worked each week (52-59) and his hourly pay ($18.75), and considering Defendants' factual and legal challenges to liability and Plaintiff's entitlement to damages, the Court finds the settlement to be reasonable. The

settlement reflects both the expense of ongoing litigation and the risks of establishing liability and damages. *See Rabbenou v. Dayan Foods, Ltd.*, No. 17-1330, 2017 WL 3315263, at *1 (D.N.J. Aug. 3, 2017).

12. Further, the proposed settlement is the product of arms-length negotiation between parties represented by competent counsel. Nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct.

13. Finally, the proposed settlement would not otherwise frustrate the implementation of the FLSA. The settlement agreement does not include a confidentiality provision or non-disparagement clause, and the release of claims is mutual. *See, Diaz v. 190 Main Street Associates, L.L.C.*, 2020 WL 13616661, at *2 (D.N.J. Feb. 5, 2020)

### III. Award of Attorneys' Fees and Costs

14. When evaluating the reasonableness of attorneys' fees in wage and hour cases, courts in the Third Circuit generally apply the percentage of recovery method, under which "the Court must determine whether the percentage of total recovery that the proposed award would allocate to attorneys' fees is appropriate based on the circumstances of the case." *Bredbenner v. Liberty Travel, Inc.*, Civ. A. Nos. 09-905, 09-1248, 09-4587, 2011 WL 1344745, at *19 (D.N.J. Apr. 8, 2011) (quotation omitted); *see Mabry*, 2015 WL 5025810, at *3.

15. Plaintiffs' counsel seeks fees in the amount of one-third of the total settlement amount after deduction of $910.00 in expenses. This amount is within the range of reasonableness, and the Court will approve the proposed fee in light of the length of the litigation and the overall amount of the settlement. *Cf. Redden*, 2017 WL 4883177, at *2 ("Here, the proposed $14,406 in attorneys' fees represents approximately 36 percent of the $40,000 settlement fund, which is within the range of fee awards approved by courts in this Circuit."); *Lyons v. Gerhard's Inc.*, Civ. A. No. 14-6693, 2015 WL 4378514, at *5 (E.D. Pa. July 16, 2015) (approving attorneys' fees amounting

to 44% of the total settlement amount, despite it being "on the higher side," where counsel reviewed approximately 12,000 pages of documents and conducted a deposition).

## IV.    Conclusion

16.    Having considered the parties' submissions in support of their joint motion for settlement approval, and for good cause shown, the Court approves the settlement memorialized in the final executed settlement agreement and approves the payment to be made to Plaintiff as set forth therein.

17.    The parties shall proceed with the administration of the settlement in accordance with the terms of the settlement agreement.

18.    The Clerk of Court is directed to mark this matter closed.

**It is SO ORDERED this _____ day of July, 2023.**

 

Honorable Cathy L. Waldor
United States Magistrate Judge